**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN OVERSIGHT,
1030 15th Street NW, B255
Washington, DC 20005

*Plaintiff*,

v.

U.S. DEPARTMENT OF
HOMELAND SECURITY,
245 Murray Lane SW
Washington, DC 20528

and

U.S. CUSTOMS AND
BORDER PROTECTION,
1300 Pennsylvania Avenue NW
Washington, DC 20229

*Defendants*.

Case No. 18-cv-305

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of Homeland Security and the U.S. Customs and Border Protection under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The DHS Privacy Office (DHSHQ) coordinates FOIA requests for several DHS components, including the Office of the Secretary and Deputy Secretary, the Office of the Executive Secretary, the Office of Intergovernmental Affairs, the Management Directorate, the Office of Policy, the Office of

Legislative Affairs, and the Office of Public Affairs. DHS has possession, custody, and control of the records that American Oversight seeks.

7. Defendant U.S. Customs and Border Protection (CBP) is a component of DHS and is also headquartered in Washington, DC. CBP has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

8. On information and belief, DHSHQ is coordinating all FOIA requests received by any DHS component—whether or not the request relates to records in the possession, custody, or control of DHSHQ—regarding records related to Executive Order 13767 and the construction of a wall along the U.S.-Mexico border.

9. On information and belief, DHS components are to defer to non-records-related decisions DHSHQ makes with regard to FOIA requests related to Executive Order 13767 and the construction of a wall along the U.S.-Mexico border, such as the grant of fee waiver and expedited processing.

*State Communications FOIA*

10. On July 31, 2017, American Oversight submitted a FOIA request to DHSHQ and CBP seeking the following records on an expedited basis:

> 1. All communications related to the construction of a wall, fence, or other physical or virtual barrier along the U.S. Mexico border between your agency and the State of Arizona, including the Office of the Governor, the Office of the Secretary of State, the Office of the Attorney General, and the Arizona Department of Environmental Quality—including emails sent to or from your agency with email addresses ending in "az.gov" or "azgovernor.gov" or "azsos.gov" or "azag.gov" or "@azdeq.gov".
>
> 2. All communications related to the construction of a wall, fence, or other physical or virtual barrier along the U.S.-

Mexico border between your agency and the State of California, including the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Attorney General, and the California Environmental Protection Agency—including emails sent to or from your agency with email addresses ending in “ca.gov”.

3. All communications related to the construction of a wall, fence, or other physical or virtual barrier along the U.S.-Mexico border between your agency and the State of New Mexico, including the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Attorney General, and the New Mexico Environment Department—including emails sent to or from your agency with email addresses ending in “newmexico.gov” or “state.nm.us” or “nmag.gov” or “env.nm.gov”.

4. All communications related to the construction of a wall, fence, or other physical or virtual barrier along the U.S.-Mexico border between your agency and State of Texas, including the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Attorney General, and the Texas Commission on Environmental Quality—including emails sent to or from your agency with email addresses ending in “texas.gov” or “texasattorneygeneral.gov”.

For DHS, the search for responsive records should include: the immediate Office of the Secretary, the Office of the Deputy Secretary, the Executive Secretary, the Office of Policy (including the immediate Office of the Assistant Secretary; the Principal Deputy Assistant Secretary; the Border, Immigration, and Trade Policy Assistant Secretary; the Immigration Policy Deputy Assistant Secretary; the Americas Policy Deputy Assistant Secretary; the Strategy, Planning, Analysis, and Risk Assistant Secretary; and the Office of International Affairs Assistant Secretary), and the Office of Partnership & Engagement.

For CBP, the search for responsive records should include: the Office of the Commissioner, including the Commissioner, Chief of Staff, Deputy Chief of Staff, and Deputy Chief of Staff—Policy; the Office of the Deputy Commissioner, including the Deputy Commissioner and the Deputy Commissioner’s Chief of Staff; the Office of Congressional Affairs, including the Assistant

> Commissioner for Congressional Affairs; the U.S. Border Patrol, including the Office of the Chief, and the following sectors: San Diego, El Centro, Yuma, Tucson, El Paso, Big Bend, Del Rio, Laredo, and Rio Grande Valley.

American Oversight sought all responsive records from January 20, 2017, through the date of the search. A copy of the State Communications FOIA is attached hereto as Exhibit A and incorporated herein.

11. DHSHQ assigned the request tracking number 2017-HQFO-01144.

12. CBP assigned the request tracking number CBP-2017-076671.

13. There is an urgency to inform the public concerning the actual or alleged government activity that is the subject of the State Communications FOIA.

14. There is widespread and exceptional media interest in the subject of the State Communications FOIA.

15. There exist possible questions about the government's integrity that affect public confidence regarding its actions that are the subject of the State Communications FOIA.

16. On August 1, 2017, DHSHQ granted expedited processing. A copy of DHSHQ's disposition is attached hereto as Exhibit B and incorporated herein.

17. On August 1, 2017, CBP denied expedited processing. A copy of CBP's disposition is attached hereto as Exhibit C and incorporated herein.

*White House Communications FOIA*

18. On September 29, 2017, American Oversight submitted a FOIA request to DHSHQ and CBP seeking the following records on an expedited basis:

> 1. All records reflecting communications (including emails, telephone call logs, calendar entries, meeting agendas, or any other records reflecting communications) between DHS or CBP, and anyone in the White House Office (including anyone with an email address ending in @who.eop.gov)

> regarding (i) the decision whether to award or not award any contractor a contract to construct a prototype of the wall, fence, or other physical barrier to be constructed along the U.S.-Mexico border; (ii) any discussion of the evaluation of any submitted proposal to construct such a prototype; or (iii) any guidance, direction, or decision regarding whether or how to make such an award.
>
> For DHS, the search for responsive records can be limited to: the Office of the Secretary, the Office of the Deputy Secretary, the Office of the Under Secretary for Management, and the Office of the Assistant Secretary for Policy.
>
> For CBP, the search for responsive records can be limited to: the Office of the Commissioner; the Office of the Deputy Commissioner; the Office of the Assistant Commissioner for Congressional Affairs; the Executive Assistant Commissioner for Executive Enterprises; the Assistant Commissioner for Acquisition; the Assistant Commissioner for Facilities and Asset Management; and the U.S. Border Patrol, including the Office of the Chief, the San Diego Sector, and the Rio Grande Valley Sector.

American Oversight requested all responsive records from January 20, 2017, through the date of the search.

19. DHSHQ assigned the request tracking number 2018-HQFO-00004.

20. CBP assigned the request tracking number CBP-2017-091929.

21. On October 6, 2017, DHSHQ granted expedited processing of the request.

22. On October 2, 2017, CBP granted expedited processing of the request.

*Stakeholder Communications FOIA*

23. On October 31, 2017, American Oversight submitted a FOIA request to DHSHQ and CBP seeking the following records on an expedited basis:

> 1. All email communications regarding or discussing the construction of a wall, fence, or other physical barrier along the U.S.-Mexico border between (a) any political appointee or career employee detailed to a position eligible to be filled by a

non-career member of the SES and (b) any Member of Congress or congressional staff.

2. All email communications regarding or discussing the construction of a wall, fence, or other physical barrier along the U.S.-Mexico border between (a) any political appointee or career employee detailed to a position eligible to be filled by a non-career member of the SES and (b) any employee or representative of the entities listed below:

a) American Action Network (@americanactionnetwork.org)
b) American Enterprise Institute (@aei.org)
c) Americans for Prosperity (@americansforprosperity.org)
d) Americans for Tax Reform (@atr.org)
e) Breitbart News Network (@breitbart.com)
f) Business Roundtable (@businessroundtable.org)
g) ByteCubed (@bytecubed.com)
h) Cato Institute (@cato.org)
i) Center for Immigration Studies (@cis.org)
j) Columbia Group (@columbiagroup.com)
k) Competitive Enterprise Institute (@cei.org)
l) Elaine Duke & Associates (@edukeassociates.com)
m) Federalist Society (@fed-soc.org)
n) Federation for American Immigration Reform (@fairus.org)
o) Fox News Network (@foxnews.com)
p) Heritage Action for America (@heritageaction.com)
q) Heritage Foundation (@heritage.org)
r) Hoover Institution (@hoover.org)
s) Lexington Institute (@lexingtoninstitute.org)
t) MAGA Coalition (@magacoalition.com)
u) Manhattan Institute (@manhattan-institute.org)
v) National Taxpayers Union (@ntu.org)
w) Sunesis Consulting (@sunesisconsultingllc.com)
x) U.S. Chamber of Commerce (@uschamber.org)
y) Wexler Walker (@wexlerwalker.com)

For DHS, the search for responsive records can be limited to: the Office of the Secretary; the Office of the Deputy Secretary; the Office of the Under Secretary for Management; the Office of Public Affairs; and the Office of Legislative Affairs.

For CBP, the search for responsive records can be limited to: the Office of the Commissioner; the Office of the Assistant Commissioner for Public Affairs; and the Office of the Assistant Commissioner for Congressional Affairs.

American Oversight requested all responsive records from January 20, 2017, through the date of the search.

24. DHSHQ assigned the request tracking number 2018-HQFO-00162.

25. CBP assigned the request tracking number CBP-2018-07587.

26. On November 2, 2017, DHSHQ granted expedited processing of the request.

27. On November 7, 2017, CBP granted expedited processing of the request.

*Exhaustion of Administrative Remedies*

28. Through CBP's denial of American Oversight's request for expedited processing of the State Communications FOIA, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

29. As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of any determination regarding the requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

30. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing of the State Communications FOIA by CBP**

31. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

32. American Oversight properly requests records within the possession, custody and control of the Defendants.

33. Defendants are an agency and a component thereof subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

34. American Oversight is primarily engaged in disseminating information to the public.

35. The records sought by American Oversight in the State Communications FOIA involve an actual or alleged federal government activity about which there is an urgency to inform the public.

36. The records sought by American Oversight in the State Communications FOIA involve a matter of widespread and exceptional media interest in which there exists possible questions concerning the government's integrity that affect public confidence.

37. The State Communications FOIA relates to Executive Order 13767 and the construction of a wall along the U.S.-Mexico border.

38. CBP is to defer to non-records-related decisions DHSHQ makes with regard to FOIA requests related to Executive Order 13767 and the construction of a wall along the U.S.-Mexico border, such as the grant of expedited processing.

39. DHSHQ granted expedited processing of the State Communications FOIA.

40. CBP is to defer to DHSHQ's grant of expedited processing of the State Communications FOIA.

41. CBP wrongfully denied expedited processing of the State Communications FOIA.

42. CBP's failure to grant expedited processing of the State Communications FOIA violated FOIA and agency regulations.

43. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring CBP to grant expedited processing of the State Communications FOIA.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Records**

44. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

45. American Oversight properly requested records within the possession, custody, and control of the Defendants.

46. Defendants are an agency and a component thereof subject to FOIA and must therefore make reasonable efforts to search for requested records.

47. Defendants have failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's requests.

48. Defendants' failure to conduct adequate searches for responsive records violates FOIA.

49. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records**

50. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

51. American Oversight properly requested records within the possession, custody, and control of the Defendants.

52. Defendants are an agency and a component thereof subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

53. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

54. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

55. Defendants' failure to provide all non-exempt responsive records violates FOIA.

56. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order CBP to expedite processing of the State Communications FOIA;

(2) Order Defendants to conduct searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(3) Order Defendants to produce, within twenty days of the Court's order, by such other date as the Court deems appropriate, any and all non-exempt records responsive to

American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: February 9, 2018

Respectfully submitted,

/s/ Cerissa Cafasso
Cerissa Cafasso
D.C. Bar No. 1011003

/s/ John E. Bies
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
cerissa.cafasso@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*